On 14 April, 1921, the plaintiff was an employee of the defendant and subject to the orders of one Williams, who was the subforeman. Williams directed the plaintiff and two others to get log-hooks and move certain pieces of green timber. The plaintiff told him the timber was too heavy for four men to move, and asked for other help. Two of the men went to the rear end of a log, which was about 20 feet long, and Williams and the plaintiff went to the other end. Williams gave orders to lift the timber, and in attempting to carry it the plaintiff strained his back and was injured. The plaintiff alleged that the defendant was negligent in failing to provide sufficient help, proper means and appliances, and a safe place in which to work.
The plaintiff testified, among other things, that he thought the timber was too heavy for four men, but not that it was dangerous to undertake to carry it; that he told the foreman it was too heavy, but in trying to carry it he was obeying instructions; that the foreman commanded him to assist the others. There was evidence in contradiction and in corroboration, and the issues of negligence, assumption of risk, and damages were answered in favor of the plaintiff. Judgment; appeal by the defendant.
The exception is addressed to his Honor's refusal to *Page 602 
dismiss the action as in case of nonsuit. Admitting the duty of exercising ordinary care to provide proper assistance and a reasonably (572) safe and suitable place for work, the defendant contends that according to the plaintiff's own testimony he assumed the risk of injury, and is not entitled to damages. In this jurisdiction it is held that while an employee assumes all the ordinary risks incident to his employment, he does not assume those which are due to his employer's negligence, unless they are so obvious that a man of ordinary prudence would not continue to work on and incur the attendant risks; and further, that this is equivalent to referring the question of the assumption of risk to the principles of contributory negligence. Sims v. Lindsay,122 N.C. 678; Lloyd v. Hanes, 126 N.C. 359; Coley v. R. R., 129 N.C. 407;Marks v. Cotton Mills, 135 N.C. 287; Pigford v. R. R., 160 N.C. 95;Brown v. Foundry Co., 170 N.C. 39.
In Pigford's case, supra, the plaintiff requested additional help, and his superior officer said, "Go and try; do the best you can; it is the engineer's orders"; and it was held, "When a servant is injured within the scope of a dangerous employment by the negligent act of the master in not furnishing him sufficient and competent assistance, and the master's negligence is the proximate cause of the injury, the servant is not held to have assumed the risk of the master's negligent act, and can recover unless his own negligence contributed to the injury as the proximate cause."
While the plaintiff's evidence may not be entirely consistent, we are not prepared to hold as a matter of law that the second issue should have been answered for the defendant, or that the action should have been dismissed. We think his Honor properly left the controversy to the determination of the jury.
We find no error which entitles the defendant to a new trial.
No error.
Cited: West v. Mining Corp., 198 N.C. 155.